**OSBORN MALEDON**
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050

1  William J. Maledon, Atty. No. 003670
2  Dawn L. Dauphine, Atty. No. 010833
   Kristin L. Windtberg, Atty. No. 024804
3  OSBORN MALEDON, P.A.
   2929 North Central Avenue
4  21st Floor
   Phoenix, Arizona  85012-2793
5  (602) 640-9000
   E-mail:  wmaledon@omlaw.com
   E-mail:  ddauphine@omlaw.com
6  E-mail:  kwindtberg@omlaw.com

7  Attorneys for Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP and
   Zeneca Holdings Inc.
8

9                     IN THE UNITED STATES DISTRICT COURT

10                         FOR THE DISTRICT OF ARIZONA

11 | Fredrick C. Peterson and Amelia Peterson, )
   | husband and wife; Douglas F. Ricks, a      )
12 | single individual,                         )
   |                                            )
13 |                    Plaintiffs,             )  Case 2:09-cv-02044-JWS
   |                                            )
14 | vs.                                        )
   |                                            )
15 | Breg, Inc.; DJO Incorporated; DJO, LLC;    )
   | I-Flow Corporation; Stryker Corporation;   )
16 | Stryker Sales Corporation; Moog, Inc.;     )  **ASTRAZENECA DEFENDANTS'**
   | Curlin Medical Inc.; Sgarlato              )  **MOTION TO DISMISS**
17 | Laboratories, Inc.; Sgarlato R.P., Inc.;   )
   | Sgarlato Med LLC; Sorenson Medical         )
18 | Products, Inc.; AstraZeneca PLC,           )
   | AstraZeneca Pharmaceuticals LP;            )
19 | AstraZeneca LP; Zeneca Holdings, Inc.;     )
   | Abbott Laboratories; Hospira Worldwide     )
20 | Inc.; APP Pharmaceuticals, LLC; APP        )
   | Pharmaceuticals, Inc.; Abraxis Bioscience, )
21 | LLC; Abraxis Bioscience, Inc.; and         )
   | Does 1-50,                                 )
22 |                                            )
   |                                            )
23 |                    Defendants.             )

2941088

Pursuant to Fed. R. Civ. P. 12(b) (6) and 8, Defendants AstraZeneca Pharmaceutical LP, AstraZeneca LP, and Zeneca Holdings, Inc. ("AstraZeneca" or the "AstraZeneca Defendants")[1] move to dismiss all claims against it with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Two Plaintiff groups file this single lawsuit, alleging that the continuous administration of bupivacaine, a pain medication, into their shoulder joints via a pain pump following their shoulder surgeries -- which occurred on different dates and at different locations, and were performed by different doctors for potentially different reasons-- caused them to develop glenohumeral chondrolysis, a narrowing of the joint space and loss of cartilage in the shoulder joint. (Compl., doc. no. 1.) Apparently because they do not know which pain pump manufacturer or which drug manufacturer actually manufactured the pain pump and local anesthetic drug used for either Plaintiff, they sue nearly all of the manufacturers of pain pumps and local anesthetic drugs in one omnibus complaint.[2] However, Plaintiffs' failure to allege that an AstraZeneca product caused the alleged injury requires dismissal of all claims against AstraZeneca.

AstraZeneca requests that the Court grant its motion without leave to amend. Plaintiffs have had ample opportunity to obtain and review their medical records and other documentation to identify both the anesthetic medication as well as the proper pharmaceutical defendant. Plaintiffs' complaint was filed on September 30, 2009; it was not served until January 26, 2010. Leave to amend or to conduct discovery would be improper and cause only further delay and prejudice.

---

[1] AstraZeneca PLC has not been served in this action. Moreover, AstraZeneca PLC does not maintain sufficient minimum contacts with any state in the United States to permit the exercise of jurisdiction over it in this country.

[2] Such pleading is improper and, if this combined case is not dismissed with prejudice, the AstraZeneca Defendants reserve the right to file a motion to sever and to transfer for *forum non conveniens* pursuant to 28 U.S.C. § 1404(a), since Plaintiff Ricks is alleged to be a citizen/resident of the State of Colorado and his action does not appear to have any connection with Arizona. (Compl. ¶ 4.)

I.     **Statement of Facts.**

These two combined cases arise out of Plaintiffs' claims that their shoulders were injured as a result of the intra-articular (in the joint) continuous infusion of "a local anesthetic product" via a pain pump following arthroscopic surgeries to their right shoulders. (Compl. ¶¶ 2, 3, 5.) They sue almost every conceivable pain pump manufacturer, which they refer to as the "Defendant Pain Pump Manufacturers" (Compl. ¶ 16), and every conceivable manufacturer of local anesthetic drugs used in pain pumps, which they refer to as "Defendant Anesthetic Manufacturers" (Compl. ¶ 22).[3] They bring claims against all Defendants for negligence (first cause of action), strict products liability (second cause of action), breach of express warranty (third cause of action), breach of implied warranty (fourth cause of action), and loss of consortium (fifth cause of action).[4]

Plaintiffs have not bothered to separate their allegations amongst the various Plaintiffs and Defendants. Rather, they allege, without any specificity, that "Defendant Pain Pump Manufacturers designed, manufactured, marketed, and distributed a product called a 'pain pump'". (Compl. ¶ 32.) The allegations do not identify which Defendant manufactured the specific pain pump used by either Plaintiff. Similarly, Plaintiffs allege, without any specificity as to which product was manufactured by which Defendant, let alone which product was administered to either Plaintiff, that "Defendant Anesthetic Manufacturers designed, manufactured, marketed and distributed Marcaine and/or Sensorcaine and/or bupivacaine and/or Xylocaine and/or lidocaine and/or lignocaine and/or Naropin and/or ropivacaine and/or Carbocaine and/or Polocaine and/or mepivacaine (hereafter 'local anesthestic

---

[3]     The other anesthetic drug manufacturer who comprise this group of Defendant Anesthetic Drug Manufacturers are Abbott Laboratories; Hospira Worldwide, Inc.; APP Pharmaceuticals, LLC; APP Pharmaceuticals, Inc.; Abraxis Bioscience, LLC; and Abraxis Bioscience, Inc.

[4]     Plaintiffs also bring a claim for violation of state consumer fraud and deceptive trade practices act (sixth cause of action), but that claim is expressly limited to the "Defendant Pain Pump Manufacturers". (Compl. at p. 26.)

- 2 -

products") for use in orthopedic surgery, specifically for arthroscopic surgery." (Compl. ¶ 35.)[5]

While Plaintiffs' joint complaint alleges generally that the Defendant Anesthetic Manufacturers market and distribute unspecified "pharmaceutical products, including local anesthetic drugs" (Compl. ¶¶ 18-21) and that an unspecified "local anesthetic product" was used in each Plaintiff's pain pump following their respective surgeries (Compl. ¶¶ 2, 3, 5), Plaintiffs make no allegations as to what type, *let alone brand,* of local anesthetic was used in their pain pumps.  Nor do Plaintiffs attempt to identify which, if any, of the ten named Anesthetic Defendants sold the unidentified products.  Because Plaintiffs have failed even to identify the type of anesthetic product administered to them, it is not surprising that nowhere does the joint complaint allege that any AstraZeneca product was actually used in either Plaintiff's pain pump.  Rather, the joint complaint lumps together various anesthetic drugs that are alleged to be used in arthroscopic surgery, and does not identify which Defendant manufactured the drug or whether the drug was used in any particular Plaintiff's pain pump.  (Compl. ¶ 35.)  Such conclusory and generic allegations have been found to be insufficient under Rule 8 by multiple courts.

## II. **Argument.**

### A. **The Claims Against AstraZeneca Should Be Dismissed for Failure to State a Claim.**

1. <u>The Federal Rules require Plaintiffs to plead sufficient plausible factual allegations to support a claim for relief</u>.

As recently confirmed by Judge Bolton of this Court in another pain pump case, Rule 8 requires that a complaint contain enough factual content plausibly to suggest a cause of action against the defendant. *See Eggler v. I-Flow Inc.*, et al., no. 2:09-cv-00040-PHX-SRB, Order at doc. no. 67, 2-3 (D. Ariz. Sept. 30, 2009).

---
[5] Indeed, the joint complaint makes a similar allegation for Doe Defendants 1-50.  (Compl. ¶ 23, stating that "Plaintiff alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, whether as a manufacturer of pain pumps or anesthetics ….")

- 3 -

Failure to provide sufficient facts to support a claim is one of the bases for the Court to grant a Rule 12(b)(6) motion to dismiss. As stated by Judge Bolton:

> The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a)(2). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

*Eggler Order,* at 2-3. Moreover, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). [6]

---

[6] *Twombly* further instructs that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." 550 U.S. at 555 (citation omitted). Rather, Rule 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 556 n.3 (brackets in original). *See also Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (affirming dismissal because "[v]ague and conclusory allegations … are not sufficient to withstand a motion to dismiss"); *Benson v. Ariz. State Bd. of Dental Exam'rs*, 673 F.2d 272, 276 (9th Cir. 1982) (affirming dismissal because plaintiffs "have not alleged specific

- 4 -

2. <u>The Complaint Fails to Allege Causation as Required to Support Plaintiffs' Claims</u>.

As Judge Bolton previously noted in the *Eggler* Order, under Arizona law, causation is a necessary element for a personal injury claim. (*See Eggler* Order at 6, citing *Anguiano v. E.I. DuPoint de Nemours & Co.,* 808 F. Supp. 719, 722 (D. Ariz. 1992) (explaining that elements of strict liability and negligence both include causation in Arizona), and *Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 292, 640 P.2d 851, 854 (Ariz. 1982) (to state a claim for strict products liability under Arizona law, plaintiff must prove, *inter alia*, that the defective condition is the proximate cause of plaintiff's injuries).) Similarly, under Arizona law, causation is a necessary element for claims for breach of warranty. *Mineer v. Atlas Tire Co.*, 167 Ariz. 315, 317, 806 P.2d 904, 906 (App. 1990); *First Nat'l Bank of Ariz. v. Otis Elevator Co.*, 2 Ariz. App. 80, 406 P.2d 430, 440-41 (1965).

Plaintiffs allege that their pain pump "was used to inject a local anesthetic product", but nowhere in the joint complaint do the Plaintiffs allege what anesthetic products were administered to them. Rather, the joint complaint merely alleges that AstraZeneca -- like the other named anesthetic defendants -- manufactures and markets local anesthetic drugs that are used in pain pumps. (Compl. ¶¶ 17-21.) Nowhere in the entire complaint do the Plaintiffs ever identify by generic compound name, let alone by brand name, any local anesthetic allegedly specifically made by any Defendant or administered to any specific Plaintiff. There is simply no allegation that any AstraZeneca product was actually used in a single pain pump referenced in the joint complaint.

For a claim to survive Rule 8, it must have "facial plausibility," that is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

---

facts"); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (affirming dismissal because "[a] pleading will not be sufficient … if the allegations are mere conclusions").

- 5 -

129 S. Ct. 1937, 1949-50 (2009) (emphasis added) (applying *Twombly* and noting that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Nothing in Plaintiffs' joint complaint, however, supports the conclusion that AstraZeneca had any connection to the local anesthetic products used in Plaintiff's respective pain pumps or their allegedly resulting injuries. AstraZeneca is mentioned by name in only three paragraphs out of the entire 119-paragraph complaint, and those three paragraphs make only jurisdictional (*see* Compl. ¶¶ 17-18) and definitional (defining "Defendant Anesthetic Manufacturers", *see* Compl. ¶ 22) allegations against AstraZeneca. In fact, the joint complaint does not even identify any specific local anesthetic products that AstraZeneca allegedly manufactured, sold, or distributed. Instead, the joint complaint merely states that "the AstraZeneca Defendants research, develop, manufacture, and market *pharmaceutical products, including local anesthetic drugs*" (Compl. ¶ 18, emphasis added) and generally alleges that *all* "Defendant Anesthetic Manufacturers designed, manufactured, marketed, and distributed Marcaine and/or Sensorcaine and/or bupivacaine and/or Xylocaine and/or lidocaine and/or lignocaine and/or Naropin and/or ropivacaine and/or Carbocaine and/or Polocaine and/or mepivacaine." (Compl. ¶ 35.) It is hard to imagine a pleading that is more formulaic and less factual than one that alleges a defective product without identifying the actual product at issue. *See Twombly,* 550 U.S. at 555; *see also Novae Corp. Underwriting Ltd. v. Atl. Mut. Ins. Co.*, 556 F. Supp. 2d 489, 497 (E.D. Pa. 2008) (an allegation that incorporates "and/or" is "so bereft of alleged evidence . . . that the Complaint in this respect does not rise 'above the speculative level'") (citations omitted).

    In addition to the *Eggler* Order, other federal district courts have relied on Rule 8 and the United States Supreme Court's decisions in *Twombly* and *Iqbal* to grant AstraZeneca's Rule 12(b)(6) motions to dismiss in similar cases. In *Sherman v. Stryker Corp.*, No. SACV 09-224-JVS (ANx), 2009 WL 2241664, at *4-5 (C.D. Cal. Mar. 30, 2009), for example, the "complaint contain[ed] only generalized

- 6 -

descriptions" – *i.e.*, "anesthetics," "anesthetic drugs," and "pain relief drugs" – of the anesthetic administered and, as here, the plaintiff "conspicuously fail[ed]" to allege that the AstraZeneca Defendants "produced the medication at issue." Based upon the plaintiff's vague allegations, the court recognized that a product manufactured by AstraZeneca "*could have been one of many* different types or brands of medications that *might* have been administered to [the plaintiff]." *Id.* (emphasis added). There were simply "not even enough facts for a reasonable inference of liability" because the complaint contained no allegation that AstraZeneca was responsible for the medication *actually* used. *Id.* (emphasis added). As a result, the Court dismissed the plaintiff's complaint against AstraZeneca and the other named "anesthetic defendants" with prejudice and without leave to amend. To date, district courts confronted with motions to dismiss the type of defective complaint filed by Plaintiff have, without exception, dismissed such complaints as to AstraZeneca.[7]

---

[7] In *Dittman v. DJO, LLC*, No. 08-cv-02791-WDM-KLM, 2009 WL 3246128, at *3 (D. Colo. Oct. 5, 2009), the United States District Court in Colorado held that the plaintiff did not sufficiently allege "that any of [AstraZeneca's] products were actually used in Plaintiff's pain pump and therefore could have caused his injury." The court reasoned that "Plaintiff has no facts, only speculation, on which to base his claim that defendants' products caused or contributed to his injury. This mere possibility, *i.e.*, that the medicine used could have been made by these defendants, rather than by any number of other manufacturers of anesthesia drugs, is not adequate to state a claim under the prevailing standards as set forth by *Twombly* and *Iqbal*." *Id.* The Court held that such a "deficiency is fatal to the claim" and granted with prejudice the motions to dismiss of both the AstraZeneca defendants as well as the other "anesthetic defendants." *Id*.

*Accord Gilmore v. DJO, Inc.*, --- F. Supp. 2d ---, No. 2:08-CV-1252-HRH, 2009 WL 3352859, at *4 (D. Ariz. Oct. 15, 2009) (dismissing because complaint did "little more than allege that the AstraZeneca defendants caused them harm, and under *Twombly* and *Iqbal*, that is not sufficient to withstand a motion to dismiss"); *Combs v. Stryker Corp., et al.*, No. 2:09-cv-02018-JAM-GGH, 2009 U.S. Dist. Lexis 115920, at *7-8 (E.D. Cal. Dec. 14, 2009) (dismissing AstraZeneca with prejudice because "Plaintiff's are merely speculating that Defendants could be liable"); *Timmons v. Linvatec Corp., et al.*, No. CV09-7947 R (SSx), at 5 (C.D. Cal. Feb. 9, 2010) (dismissing AstraZeneca because "the Complaint does not allege any facts that would permit a reasonable inference of liability against AstraZeneca, because Plaintiffs are merely speculating that AstraZeneca might have made the particular anesthetic [Plaintiff] received") (Order attached hereto as **Ex. A**).

The same reasoning applies here. Plaintiffs' joint complaint wholly fails to identify both the product at issue and which defendant, if any, was the manufacturer and seller of the medication *actually* administered to Plaintiffs during their respective surgeries. In the absence of product identification allegations, Plaintiffs simply cannot plead the requisite causation between an AstraZeneca product and their alleged injury. *See Anguiano,* 808 F. Supp. at 722; *Rocky Mountain Fire & Cas. Co.,* 131 Ariz. at 292, 640 P.2d at 854. Accordingly, Plaintiffs' joint complaint neither provides proper notice to the AstraZeneca Defendants of their claims against them, nor allows the Court to draw the reasonable inference that AstraZeneca is liable for the misconduct alleged, requiring dismissal. *Iqbal*, 129 S. Ct. at 1954 ("[Rule 8] does not empower [Plaintiff] to plead the bare elements of [her] cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

### 3. Plaintiffs' Claims for Breach of Warranty Should Be Dismissed.

Plaintiffs' claims for breach of warranty allege that "Defendant Anesthetic Manufacturers expressly warranted that local anesthetic products were safe and well accepted by users" (Compl. ¶ 90, express warranty), and that these defendants "impliedly represented and warranted to the users of the local anesthetic products and/or their physicians, healthcare providers, and/or the FDA that the pain pumps were safe and of merchantable quality and fit for the ordinary purposes for which said product was used" (Compl. ¶ 101, implied warranty). These allegations are entirely conclusory. There are no factual allegations regarding the specific content of the alleged express warranty, or about when and how the alleged warranties were made, thereby requiring dismissal under Rule 8. Despite the fact that Plaintiffs complain about intra-articular use of pain pumps (that is, use in the joint space), the joint complaint entirely fails to allege that AstraZeneca expressly or impliedly warranted that any of its local anesthetic products should be used in a pain pump to deliver local anesthetics to the shoulder joint space, which also requires dismissal.

Finally, under Arizona law, the claim for breach of implied warranty has been merged into the claim for strict products liability, barring any separate implied warranty claim. *See, e.g., Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1103 (D. Ariz. 2003). For this additional reason, Plaintiffs' implied warranty claim should be dismissed.

### B. The Court Should Not Permit Plaintiffs To Conduct Discovery Or Allow Leave To Amend.

Although Rule 15(a) provides that a party may amend its pleading with leave of the court and that "[t]he court should freely give leave when justice so requires," the district court enjoys significant latitude in deciding whether to grant leave to amend. Fed. R. Civ. P. 15(a); *Swanson v. United States Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). Grounds for denial include "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendment previously allowed, or undue prejudice to the opposing party . . . [and] futility of amendment." *Blau v. America's Servicing Co.*, No. CV 08-773-PHX-MHM, 2008 WL 3845383 *1 (D. Ariz. Aug. 18, 2008)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, the Federal Rules of Civil Procedure require attorneys and their clients to "Stop, Think, Investigate, and Research" before filing papers to initiate a suit or to conduct litigation. *Gaiardo v. Ethyl Corp*., 835 F.2d 479, 482 (3d Cir. 1987).

The Court should exercise this broad discretion to dismiss the claims against AstraZeneca without allowing discovery or leave to amend. Plaintiffs are tellingly unable to make specific allegations with respect to the local anesthetic and the appropriate anesthetic defendant. Even if they filed the joint complaint without specificity in order to allow themselves additional time to review medical records and determine the proper defendant, they have had four months to undertake these investigations and file amended pleadings before serving the complaint. Yet, despite the passage of ample time, Plaintiffs are still unable to plead sufficient facts to support a reasonable inference of liability as required by *Twomby* and *Iqbal*. To the contrary,

- 9 -

Plaintiffs have served a complaint that pleads insufficient facts as to multiple anesthetic defendants, presumably with the intent to sort out the correct parties through discovery[8] -- an approach unequivocally rejected by the Supreme Court. *See Iqbal*, 129 S. Ct. at 1954 ("because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"); *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court") (internal citations and quotation marks omitted). *See also Timmons*, No. CV09-7947 R (SSx) (dismissing claims against AstraZeneca with prejudice for failure to state causation, and not granting leave to amend or conduct discovery) (attached hereto as **Ex. A**); *Sherman*, 2009 WL 2241664, at *4-5 (explicitly granting "the motions to dismiss the case as to Abbott and AstraZeneca," after refusing Sherman's request for additional discovery); *Combs,* 2009 U.S. Dist. LEXIS 115920, at *6 (dismissal of AstraZeneca with prejudice and without leave to conduct discovery); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 141 (S.D.N.Y. 2001) ("Granting discovery . . . would allow plaintiffs to name anyone as a defendant in a lawsuit without making the allegations necessary to state a claim upon which relief might be granted and then to seek discovery in hope of finding a basis for a claim."). This Court should likewise reject any request for discovery here.

---

[8] Failure to identify the medication used in Plaintiffs' pain pumps and simply suing multiple pharmaceutical companies that sold anesthetic products of the type administered is inefficient, frivolous, and a waste of the Court's time. Allowing plaintiffs to file claims against a slew of *potential defendants* and sort out the right one during discovery would completely nullify Rule 11(b), which mandates an "inquiry reasonable under the circumstances" into the evidentiary support for all factual contentions *prior* to filing a pleading. Fed. R. Civ. P. 11(b)(3). As the Advisory Committee to Rule 11 explained: "[t]olerance of factual contentions in initial pleadings … is not a license to join parties, make claims, or present defenses without any factual basis or justification." Fed. R. Civ. P. 11 advisory committee's note, 1993 amendments §§ (b) and (c), ¶ 3 (West 2009).

Because Plaintiffs had ample opportunity to determine product identification both before filing their joint complaint -- and for another four months after the joint complaint was filed but prior to service -- further leave to amend or to conduct discovery would be improper under *Iqbal* and cause only further delay and prejudice to AstraZeneca. Accordingly, the Court should dismiss Plaintiffs' complaint without leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the claims against AstraZeneca without leave to amend.

DATED this 16th day of February, 2010.

OSBORN MALEDON, P.A.

By   s/Dawn L. Dauphine
William J. Maledon
Dawn L. Dauphine
Kristin L. Windtberg
2929 North Central Avenue
21st Floor
Phoenix, Arizona  85012-2793
Attorneys for Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP and Zeneca Holdings Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be mailed to Judge John W. Sedwick.

   s/Deborah B. Dunn