1

LAW OFFICES
BROENING OBERG WOODS & WILSON

2

PROFESSIONAL CORPORATION
POST OFFICE BOX 20527

3

PHOENIX, ARIZONA 85036
TELEPHONE: (602) 271-7700

4

FACSIMILE: (602) 258-7785
James R. Broening/Bar No. 004036

5

E-mail: jrb@bowwlaw.com

6

Attorneys for Defendant Sorenson Medical
Products, Inc.

7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF ARIZONA**

10

FREDRICK C. PETERSON and AMELIA
PETERSON, husband and wife; DOUGLAS
F. RICKS, a single individual,

Case No: 09-CV-02044-PHX-MEA

11

Plaintiffs,

SORENSON MEDICAL PRODUCTS,
INC.'S MOTION TO DISMISS AND
JOINDER IN BREG, INC.'S MOTION
TO DISMISS

12

v.

13

BREG, INC.; DJO Incorporated; DJO, LLC;
I-FLOW CORPORATION; STRYKER
CORPORATION; STRYKER SALES
CORPORATION; MOOG, INC.; CURLIN
MEDICAL INC.; SGARLATO
LABORATORIES, INC; SGARLATO R.P.,
INC.; SGARLATO MED LLC;
SORENSON MEDICAL PRODUCTS,
INC.; ASTRAZENECA PLC;
ASTRAZENECA PHARMACEUTICALS
LP; ASTRAZENECA LP; ZENECA
HOLDINGS, INC.; ABBOTT
LABORATORIES; HOSPIRA
WORLDWIDE, INC.; APP
PHARMACEUTICALS, LLC; APP
PHARMACEUTICALS, INC.; ABRAXIS
BIOSCIENCE, LLC; ABRAXIS
BIOSCIENCE, INC.; AND DOES 1-50,

14

15

16

17

18

19

20

21

22

23

Defendants.

24

Defendant Sorenson Medical Products, Inc. (Sorenson) moves the Court, pursuant

25

to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Complaint

26

for failure to state claims upon which relief may be granted.  Plaintiffs have failed to

identify any Sorenson products at issue; have identified Plaintiffs who underwent surgery over several years in Colorado and Arizona; and have not stated how or whether Sorenson products were involved in the multiple surgeries.  Plaintiffs have failed to set forth sufficient pleadings pursuant to Federal Rule of Civil Procedure 8 and the recent United States Supreme Court cases of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.CT. 1937 (2009).

For the reasons set forth in this Motion, and the Motion to Dismiss filed by Breg, Inc. (Doc. 34), whose argument is incorporated by reference herein, Sorenson requests that the Court dismiss with prejudice all of Plaintiffs' claims against Sorenson.

A Memorandum of Points and Authorities in Support of this motion is attached and incorporated by reference.

DATED this 16<u>th</u> day of February, 2010.

BROENING OBERG WOODS & WILSON, P.C.


By_____/s/ James R. Broening_____
     James R. Broening (004036)
     P. O. Box 20527
     Phoenix, Arizona  85036
     Attorneys for Defendant Sorenson Medical
     Products, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

As has been outlined by Breg, Inc. (Breg), Plaintiffs have joined together to bring an action against twelve "pain pump manufacturers" and "anesthetic manufacturers". Nowhere in Plaintiffs' lengthy Complaint is there a way for Sorenson to identify whether or not its pumps were used post surgically on Plaintiffs Peterson and/or Ricks.[1]

Neither Plaintiff identifies the specific Sorenson product involved or the medication selected.  Nor do Plaintiffs identify the orthopaedic surgeons, or other medical provider who ordered the use of some type of post operative pain pump.  Further,

---

[1] "Plaintiffs" or "Plaintiff" means Mr. Peterson and/or Mr. Ricks.

1   Plaintiff Ricks does not even identify the state or facility where the surgery was

2   performed!

3          As currently pled, Plaintiffs have clearly failed to properly investigate the

4   legitimacy of their claims against Sorenson and perform the due diligence required to

5   state a proper claim.  Plaintiffs' failure unnecessarily and improperly shifts the burden to

6   Defendants to conduct discovery and incur unnecessary expense to establish the

7   invalidity of Plaintiffs' claims.  All of this, in addition to tying up the Court's limited

8   resources, to address issues that should have never been filed in the first place.  It is for

9   this very reason that the Supreme Court has adopted in both *Iqbal, supra* and *Twombly,*

10  *supra,* a heightened pleading standard pursuant to Federal Rule of Civil Procedure 8.

11  Plaintiffs have failed to meet this burden.

12         The Court should also be aware that this is not the first case filed by the same

13  Plaintiffs' attorneys in this and other jurisdictions where they have not identified the

14  products before filing.  For instance, in California alone, Sorenson is aware of two other

15  cases with an identical course of conduct.  *Barbara Spadoni v Breg, et al.* was filed June

16  30, 2009 in the San Diego Superior Court against most of the same Defendants.  The case

17  was dismissed against Sorenson on October 29, 2009 after Sorenson was forced to incur

18  the cost of determining whether the product used by the treating physician post

19  operatively was a Sorenson product.[2]

20         Yet another example is the matter of *Jarred Brown, et. al. v. Breg, Inc. et. al.*,

21  pending in the Los Angeles Superior Court.  This matter is remarkably similar to the case

22  pending before this Court.  In *Brown*, Plaintiffs' counsel filed an action against most of

23  the same Defendants, this time on behalf of seven Plaintiffs.  Motions to Dismiss are

24  pending for reasons not unlike the reasons now presented to this Court.[3]

25

26  [2] *Barbara Spadoni v Breg, et. al.* San Diego Superior Court Case No. 37-2009-00056753-CV-PL-NC.
    [3] *Jarred Brown et. al. v. Breg, Inc. et. al* Los Angeles Superior Court Case No. NC 053320.

1  Plaintiffs' counsel has also filed a virtually identical action in this very Court on
2  behalf of other Plaintiffs.  See *Romero v. Breg, Inc., et al.,4:09-CV-00427-CKJ,* where
3  motions to dismiss for the very same lack of pre-filing diligence on the part of Plaintiffs'
4  counsel have been briefed and await a hearing and rulings.

5  Perhaps equally disturbing is the fact that the entity Sorenson Medical Products,
6  Inc. has been sued in the first place.  Although Plaintiffs state that "Defendant Sorenson
7  Medical Products, Inc. (Sorenson) is a corporation organized under the laws of the State
8  of Utah, having its principal place of business in West Jordan, Utah" (Doc. 1, Paragraph
9  15), Plaintiffs have failed to advise the Court that Sorenson Medical Products, Inc. was
10 not established as a corporation until December 19, 2007.  Plaintiffs' counsel clearly
11 conducted some research to determine that Sorenson Medical Products, Inc. is a Utah
12 corporation.  Yet Plaintiffs have failed to advise the Court that Sorenson Medical
13 Products, Inc. did not become a corporation until after two of the three surgeries
14 complained of were completed.[4]

15 Sorenson also joins in the Memorandum of Points and Authorities submitted by
16 Breg, Inc. in support of its Motion to Dismiss, incorporating the Memorandum of Points
17 and Authorities by reference.

18 **CONCLUSION**

19 For the reasons set forth herein and for the reasons set forth by Breg in its Motion
20 to Dismiss filed February 9, 2010, Defendant Sorenson respectfully requests that this
21 Motion be granted and that the Court dismiss all of Plaintiffs' claims against Sorenson.
22 . . .
23 . . .
24
25
26

---

[4] According to Plaintiffs complaint, the first Peterson surgery was performed on or about December 5, 2006 and the Ricks surgery was performed in October, 2007. (Doc. 1, Paragraph 2, 3 and 5).

- 4 -

1   DATED this 16<u>th</u> day of February, 2010.

2                           BROENING OBERG WOODS & WILSON, P.C.

3
                            By_____/s/ James R. Broening_____
4                               James R. Broening (004036)
                                P. O. Box 20527
5                               Phoenix, Arizona  85036
                                Attorneys for Defendant Sorenson Medical
6                               Products, Inc.

7                       **CERTIFICATE OF SERVICE**

8        I hereby certify that on February 16, 2010, I electronically transmitted the attached

9   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

10  Notice of Electronic Filing to the following CM/ECF registrants:

11          Lowell W. Finson
            20  East Thomas Rd, Ste 2600
12          Phoenix, Az 85012
            Attorneys for Plaintiffs
13
            Lori Ann Zirkle
14          Bowman & Brooke, LLP
            2901 N. Central Ave, Ste 1600
15          Phoenix, Arizona 85012
            Attorney for Breg, Inc.
16
            Carol Marie Romano
17          Tophas Anderson , IV
            Renaud Cook Drury Mesaros PA
18          1 N. Central Ave, Ste 900
            Phoenix, AZ 85004-4418
19          Attorney for DJO, LLC

20          Paul E Wojcicki
            Segal McCambridge Singer & Mahoney Ltd
21          233 S Wacker, Ste 5500
            Chicago, IL 60606
22          Attorney for Defendant I-Flow Corporation

23

24

25

26

                                  - 5 -

1
2
3
4

William J. Maledon
Dawn L. Dauphine
Kristin L. Windtberg
Osborn Maledon, PA
29029 N. Central Ave, 21st Floor
Phoenix, Az 85012
Attorneys for Defendants AstraZeneca Pharmaceuticals LP and
AstraZeneca, LP, Zeneca Holdings

5

A courtesy copy with a copy of the Notice of Electronic filing was also **mailed** to

6

MAGISTRATE MARK E. ASPEY on this same date at the following address:

7
8
9

MAGISTRATE MARK E. ASPEY
United States District Court
123 North San Francisco Street, Suite 200
Flagstaff, AZ 86001

10

/s/ Barbara Burke

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26