ROGER N. MORRIS (Bar No. 012821)
roger.morris@quarles.com
KEVIN QUIGLEY (Bar No. 015972)
kevin.quigley@quarles.com
Christine Cassetta (Bar No. 015663)
christine.cassetta@quarles.com
QUARLES & BRADY, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
T: (602) 229-5200

JAMES W. HUSTON (*Pro Hac Vice*)
JHuston@mofo.com
ERIN M. BOSMAN (*Pro Hac Vice*)
EBosman@mofo.com
JESSICA EDERER (*Pro Hac Vice*)
JEderer@mofo.com
MORRISON & FOERSTER, LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130
T: (858) 720-5100

Attorneys for Defendants
APP PHARMACEUTICALS, INC.
APP PHARMACEUTICALS, LLC
ABRAXIS BIOSCIENCE, INC.
ABRAXIS BIOSCIENCE, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Fredrick C. Peterson and Amelia Peterson, husband and wife; Douglas F. Ricks, a single individual,<br><br>Plaintiffs,<br><br>v.<br><br>Breg, Inc., et al.,<br><br>Defendants. | Case No. CV 09-2044-PHX-JWS<br><br>**APP DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendants APP Pharmaceuticals, Inc., APP Pharmaceuticals, LLC, Abraxis BioScience, Inc., and Abraxis BioScience, LLC (collectively, "APP" or the "APP Defendants") hereby submit this reply brief in support of their Motion to Dismiss plaintiffs' Complaint.

## I. INTRODUCTION

This Motion is based on the simple fact that the allegations in the Complaint completely fail to allege that APP caused plaintiffs' injuries, and thus the entire Complaint fails to state a claim against APP. Plaintiffs' Opposition makes no attempt to substantively contradict this fact, or any of the arguments raised in support of APP's Motion. Plaintiffs' Opposition is apparently directed at the pain pump manufacturers named in the Complaint, as it only makes reference to the identity of pain pump manufacturers, but makes no reference to the identity of the anesthetic manufacturer defendants, such as APP. (*See, e.g.,* Oppo. 2:2-3; 2:7.) Plaintiffs make no attempt to substantively respond to APP's Motion as they do not raise any points regarding the Complaint's failure to identify the manufacturer of the drugs allegedly used in their surgeries. If anything, plaintiffs' Opposition confirms that plaintiffs cannot link APP to any of their injuries and that plaintiffs do not know who supplied the drugs allegedly used in their surgeries.

Plaintiffs do not dispute that the Complaint fails to allege that APP actually manufactured or sold any of the drugs that were used in the pain pumps that allegedly caused their injuries. By failing to allege causation, plaintiffs have failed to state a claim against APP, and each of their causes of action against APP must fail in the face of a motion to dismiss. Also, plaintiffs' contention that the defendants know "whether or not the claim applies to it" is false, and their request that the Court stay its ruling for sixty (60) days to allow them to conduct further discovery clearly shows that APP has been improperly named as a defendant in this action. Further, plaintiff Fredrick C. Peterson has not contested that his negligence, strict products liability, and breach of warranty claims for the alleged injury related to the surgery performed on his right shoulder are barred by Arizona's statute of limitations. Also, plaintiffs Fredrick C. Peterson and Douglas F. Ricks have not disputed that

their breach of implied warranties claim should be dismissed, as it is merged into their strict liability claim under Arizona law. Finally, plaintiff Amelia Peterson has not contested that her derivative loss of consortium claim fails because her spouse's claims fail.

Because the Complaint fails to state any viable cause of action against APP, and because there is no reasonable possibility that any legitimate amendment could cure the defects, this Court should grant APP's Motion to Dismiss with prejudice and without leave to amend.

## II. THE ENTIRE COMPLAINT FAILS TO STATE A CLAIM AGAINST APP

### A. Plaintiffs' Opposition Only Addresses The Identity Of The Pain Pump Manufacturers, And Fails To Respond To APP's Motion Regarding The Complaint's Failure To Identify The Drug Or The Manufacturer Of The Drug

Plaintiffs' Opposition only raises arguments directed to the pain pump manufacturers named in the Complaint, and not the anesthetic manufacturers, such as APP. Plaintiffs' Opposition states that "Plaintiffs do not know the manufacturer of all the *pain pumps* at issue in this case," (Oppo. 2:2-3) and that "Defendants know whether or not they sold *pain pumps*" to the facilities where plaintiffs had their surgeries performed (Oppo. 2:7). Plaintiffs' Opposition makes no reference to the identity of the drugs that allegedly injured them, or the manufacturer of those drugs, and thus makes no attempt to substantively respond to APP's Motion. Therefore, APP's Motion should be granted.

### B. The Complaint Fails to Identify the Drugs Used, And Fails To Allege That APP Is Responsible For Those Drugs, Thus Rendering All Claims Deficient

As set forth in detail in APP's Opening Brief, plaintiffs' failure to designate the product alleged to be defective is fatal to their claims against the APP Defendants, because it is unclear what product caused their injuries—let alone whether that product is actually attributable to the APP Defendants. Such failure falls short of meeting the goals of Rule 8(a), the purpose of which is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs' failure to link APP to the alleged drugs

further fails to establish the required connection between a product and its alleged manufacturer or supplier, which is necessary to support causation in a products liability action. *White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir. 1990). The fact that plaintiffs have failed to identify the drugs used in their pain pumps and the manufacturer of those drugs is obvious from the face of the Complaint and is sufficient to invoke the preclusive effect of Rule 12(b)(6) and to require that all plaintiffs' claims be dismissed.

### C. Plaintiffs' Argument That They Need More Time To Conduct Discovery Is Legally Improper

Plaintiffs argue against dismissal of their claims by raising repeated requests that the Court "stay its ruling for 60 days pending Plaintiffs' final efforts to identify the pain pumps at issue herein, and file an amended Complaint." (Oppo. 1:25-2:1.) Plaintiffs admit that they do no know the manufacturer of the pain pumps at issue in this case (plaintiffs make no allegations regarding the identity of the anesthetic manufacturer in their Opposition), but they claim this "is certainly not because counsel did not obtain medical records." (*Id.* 2:3.) Plaintiffs further allege that "Defendants know whether or not they sold pain pumps" to the facilities that performed plaintiffs' surgeries, (*id.* 2:7) and that "[a] motion to dismiss in this case is a matter of form over substance, as Defendant knows whether or not the claim applies to it (*id.* 2:11-12). As discussed above, plaintiffs' Opposition only makes arguments for a sixty (60) day stay to conduct discovery to identify the manufacturer of the pain pump, and not to identify the manufacturer of the drugs that were allegedly used in these pain pumps. Even assuming that plaintiffs' Opposition also intended to argue for a sixty (60) day stay to identify the anesthetic manufacturer, such an attempt is improper.

The law does not support plaintiffs' attempt to use discovery to identify facts that are prerequisites to asserting their claims against APP. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1953. To get over the initial hurdle of federal pleading standards and maintain any claim against APP, plaintiffs must have alleged that an APP product allegedly caused their injuries. By plaintiffs' own admission, they have failed to do so, and the law gives them no right to

Page 3 — APP DEFTS' REPLY IN SUPPORT OF MOT TO DISMISS
QB\9917476.1

1  circumvent initial pleading requirements by pursuing discovery. *See Twombly*, 550 U.S. at
2  561 (A "wholly conclusory statement of claim" should not "survive a motion to dismiss
3  whenever the pleadings [leave] open the possibility that a plaintiff might later establish some
4  set of undisclosed facts to support recovery") (internal quotation omitted).

   **D. Plaintiffs' Argument That The Defendants Know If The Claims Apply To Them Is Without Merit**

   Plaintiffs' Opposition would have this Court believe that the defendants are the parties who have the documentation which will indicate the proper defendant. This is false. Plaintiffs are the only parties in this litigation who have access to their complete medical records, including pharmacy records, hospital billing records, and insurance billing statements. However, plaintiffs claim that "[i]n many cases the model of the pump is not identified in any of the medical or billing records." (Oppo. 2:3-4.) Plaintiffs' Opposition makes no similar allegation regarding the identity of drugs allegedly used in the pain pumps. Assuming plaintiffs also intended to direct this argument at the anesthetic manufacturers, this is simply not the case. Information establishing the supplier of the medication administered to plaintiffs could be determined by plaintiffs through inspection of their pharmacy and/or hospital billing records. Not only are these documents not in APP's possession, but it is the *plaintiffs* (as the patients) who have the best access to this information – indeed, APP could not obtain these materials if it tried, as *plaintiffs'* consent is needed to procure these patient records. Thus, contrary to plaintiffs' assertion that "Defendants know whether or not they sold pain pumps to these facilities," (*id.* 2:7), *there is no document in APP's possession that could establish a conclusive link between an APP product and the plaintiffs.*

   For all of the above reasons, plaintiffs are mistaken so far as they intended to assert that APP, as an anesthetic manufacturer, would know whether or not its drugs were used in the pain pumps that allegedly caused their injuries. Not only is this information not in APP's control, it lies solely within the plaintiffs' power to obtain this information through their pharmacy and/or hospital billing records. Even if it were legally proper to grant plaintiffs an opportunity for discovery to support their deficient claims – which it is not – any discovery

from APP would still not provide the information necessary to tie an APP product to plaintiffs' alleged injuries. Accordingly, plaintiffs' claims must be dismissed.

### E. Plaintiff Fredrick C. Peterson's Negligence, Strict Products Liability, and Warranty Claims Related To His Right Shoulder Surgery Are Barred By The Statute Of Limitations

Plaintiffs' Opposition does not contest that Frederick C. Peterson's negligence, strict products liability, and warranty claims related to his right shoulder surgery are barred by the statute of limitations. A plaintiff must bring a claim within the limitations period after accrual of the cause of action. *Ness v. Western Sec. Life Ins. Co.*, 851 P.2d 122, 125 (Ariz. 1992). Under Arizona law, the statute of limitations for negligence, products liability, and breach of warranty claims is two years. Ariz. Rev. Stat. §§ 12-542, 12-551. Here, however, plaintiff Fredrick C. Peterson did not bring his negligence, strict products liability, and breach of warranty claims for the alleged injury related to the surgery performed on his right shoulder within two years of the surgery date. Plaintiffs have ineffectively pled the discovery rule in the Complaint, as explained in APP's Opening Brief, and because plaintiff Fredrick C. Peterson failed to file his Complaint in a timely manner, his negligence, strict products liability, and warranty claims related to his right shoulder surgery are time-barred and should be dismissed. *See* A.R.S. § 12-542.

### F. Plaintiffs' Breach of Implied Warranties Claim Should Be Dismissed As It Is Merged Into Their Strict Liability Claim

Plaintiffs' Opposition does not dispute that under Arizona law, when a complaint alleges product liability claims under both strict liability and breach of implied warranties, "the theory of liability under implied warranty [is] merged into the doctrine of strict liability in tort, so that it is on this latter doctrine that the plaintiff's claim must stand or fall." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1103 (D. Ariz. 2003). Plaintiffs' breach of implied warranties claim should thus be dismissed as it is merged into their strict liability claim under Arizona law. *Hearn*, 279 F. Supp. 2d at 1103.

G.  **The Loss Of Consortium Claim Brought By Plaintiff Fredrick C. Peterson's Spouse Must Also Fail**

Plaintiffs' Opposition does not contest that Amelia Peterson's loss of consortium claim should be dismissed. As established above, plaintiff Fredrick C. Peterson's causes of action against APP fail to state a claim. A loss of consortium claim is a "derivative claim [and] all elements of the underlying [injured spouse's] cause must be proven before the claim can exist." *Barnes v. Outlaw*, 192 Ariz. 283, 286 (1998). Accordingly, if a defendant is not liable for the physical injury or disability of the spouse, it cannot be liable for the loss of consortium claim. *Id.* Thus there is no basis for plaintiff Amelia Peterson's loss of consortium claim, which should be dismissed accordingly.

### III.  CONCLUSION

Plaintiffs' failure to state a cause of action against APP is evidenced by the fact that they have not identified the medications that allegedly caused their injuries or the manufacturer or distributor of those medications. Plaintiffs' Opposition is only directed at the pain pump manufacturers, and makes no attempt to contradict this fact. The Opposition's request for a sixty (60) day stay to conduct discovery is legally improper, and any contention that APP has knowledge regarding if its drug was used in plaintiffs' surgeries is false. Moreover, the Opposition fails to contest that plaintiff Fredrick C. Peterson has failed to bring his claims related to his right shoulder surgery within the applicable statute of limitations period. Further, the Opposition does not dispute that plaintiffs' breach of implied warranties claim merges into their strict liability claim under Arizona law. Finally, the Opposition does not deny that the deficiencies in plaintiff Fredrick C. Peterson's claims also render his spouse's (plaintiff Amelia Peterson) loss of consortium claim deficient. The speculative nature of plaintiffs' claims against APP requires that each and every claim be dismissed pursuant to Rule 12(b)(6) with prejudice and without leave to amend.

Dated: March 9, 2010

By:    /s/ Christine Cassetta
     Roger N. Morris (# 012821)
     Kevin Quigley (#015972)
     Christine Cassetta (#015663)
     QUARLES & BRADY, LLP
     One Renaissance Square
     Two North Central Avenue
     Phoenix, Arizona 85004-2391

     James W. Huston (#115596)
     Erin M. Bosman (#204987)
     MORRISON & FOERSTER LLP
     12531 High Bluff Drive, Suite 100
     San Diego, California 92130

     Attorneys for Defendants
     APP PHARMACEUTICALS, INC.
     APP PHARMACEUTICALS, LLC
     ABRAXIS BIOSCIENCE, INC.
     ABRAXIS BIOSCIENCE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

/s/Geri Canacakos