UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| FREDERICK C. PETERSON and AMELIA PETERSON, husband and wife; DOUGLAS F. RICKS, a single individual, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-2044 JWS |
| vs. | ) ) | ORDER AND OPINION |
| BREG, INC.; DJO, INC., DJO, LLC; I-FLOW CORPORATION; STRYKER CORPORATION; STRYKER SALES CORPORATION; MOOG, INC.; CURLIN MEDICAL, INC.; SGARLATO LABORATORIES, INC; SGARLATO R.P., INC.; SGARLATO MED LLC; SORENSON MEDICAL PRODUCTS, INC.; ASTRAZENECA PLC; ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA LP; ZENECA HOLDINGS, INC.; ABBOTT LABORATORIES; HOSPIRA WORLDWIDE, INC; APP PHARMACEUTICALS, LLC; APP PHARMACEUTICALS, INC.; ABRAXIS BIOSCIENCE, LLC; ABRAXIS BIOSCIENCE, INC., and DOES 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | [Re:   Motions. at Docket 34, 37, 43, 45, 50, and 51] |
| Defendants. | ) ) | |

## I. MOTIONS PRESENTED

At docket 34, defendant Breg, Inc. moves to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). At docket 60, plaintiffs oppose the motion on the ground that they have been unable to identify the make and model of the "pain pump" alleged to have caused their injuries. In the alternative, plaintiffs request that the court defer ruling on Breg's motion for 60 days in order to enable plaintiffs adequate time to determine the make and model of the allegedly defective pain pump. Breg replies at docket 63.

At docket 37, defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Holdings, Inc. ("AstraZeneca") move to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). At docket 64, plaintiffs oppose the motion on the same grounds noted above. AstraZeneca replies at docket 72, and notices supplemental authority at docket 82.

At docket 71, defendants DJO, Inc. and DJO, LLC join in the motions filed by Breg and AstraZeneca.

At docket 43, defendant Sorenson Medical Products, Inc. moves to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and join in Breg's motion. At docket 65, plaintiffs oppose the motion on the same grounds noted above. Sorenson replies at docket 70.

At docket 45, defendants APP Pharmaceuticals, Inc.; APP Pharmaceuticals, LLC; Abraxis Bioscience, Inc.; and Abraxis Bioscience, LLC ("APP") move to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil

Procedure 8 and 12(b)(6).  At docket 66, plaintiffs oppose the motion on the same grounds noted above.  APP replies at docket 69.

At docket 50, defendants Stryker Corporation and Stryker Sales Corporation ("Stryker") move to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  At docket 67, plaintiffs oppose the motion on the same grounds noted above.  Stryker replies at docket 74.

At docket 51, defendants Abbott Laboratories and Hospira, Inc. ("Abbott") move to dismiss plaintiffs' complaint as insufficiently pleaded pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  At docket 68, plaintiffs oppose the motion on the same grounds noted above.  Abbott replies at docket 75.

Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

Plaintiffs Frederick C. Peterson and Douglas F. Ricks allege post-operative injuries to their shoulders as a result of a defective pain pump loaded with a local anesthetic.  Both Frederick, who underwent surgery to each shoulder, and Douglas, who had surgery on his right shoulder only, claim to have developed Postarthroscopic Glenohumeral Chondrolysis ("PGC"), "a progressive destruction of articular cartilage in the glenohumeral joint . . . resulting in secondary joint space narrowing . . . [and] constant pain and loss of full use of the shoulder and/or arm."[1]  Frederick and Douglas are unaware of the manufacturer of the pain pumps and local anesthetic used following their respective surgeries, and have therefore named numerous potential manufacturers

---

[1]Docket 1 ¶ 37.

hoping to ferret out the actual manufacturers.  Frederick and Douglas allege counts of negligence/negligence per se, strict products liability, breach of express warranty, breach of implied warranty, and violation of the Arizona consumer fraud and deceptive trade practices acts.  Plaintiff Amelia Peterson, who is Frederick's wife, alleges loss of consortium emanating from his injuries.

All of the pending motions to dismiss make three general arguments: (1) plaintiffs' failure to specifically name the manufacturer of the pain pump and local anesthetic is fatal to their claims under the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); (2) causation cannot be established as to any of the defendants; and (3) plaintiffs should not be permitted additional time to discover the name and type of products alleged to have harmed them.[2]  AstraZeneca also argues that plaintiffs' breach-of-warranty claims should be dismissed as conclusory.[3]  Defendant Sorenson makes the additional argument that it was not incorporated until after two of the three surgeries took place.[4]  APP also moves to dismiss plaintiffs' tort and breach-of-warranty claims on statute of limitations grounds, argues that plaintiffs' breach-of-implied-warranty claim has merged into their strict liability claim, and contends that Amelia's loss of consortium rises and falls with Frederick's tort claims.  The court considers the parties' various arguments below.

---

[2]*See, e.g.,* dockets 34 and 37.

[3]Docket 37 at 9-10.

[4]Docket 43.

### III. DISCUSSION

**A. Motions to Dismiss**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[5] In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6] "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[7] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant

---

[5] *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[6] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted)).

[10] *Iqbal*, 129 S. Ct. at 1949.

has acted unlawfully."[11]  "Where a complaintpleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[13]

The court agrees with the moving defendants that plaintiffs have failed to allege facts that are "plausibly suggestive of a claim entitling [them] to relief."[14]  Plaintiffs have failed to identify the defendants responsible for manufacturing the pain pump and anesthetic used in their treatment.  Nor have plaintiffs made any attempt to identify the characteristics of the pumps used or the drugs administered, facts that might have been gleaned from the medical records.  Rather, plaintiffs merely posit that it is possible that one or more of the named defendants manufactured the pain pumps or anesthetics that caused their injuries.  Such speculative pleading is not permissible under the plain text of Rule 8, which requires a "statement of the claim showing the pleader is entitled to relief."[15]  Even if plaintiffs were able to name the particular defendants who manufactured the pain pumps and anesthetic used in their treatment, the remaining factual bases for their claims are similarly conclusory and vague, and "lack the requisite

---

[11] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[12] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[13] *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[14] *Id.*

[15] *Iqbal*, 129 S. Ct. at 1937.

factual information to suggest that plaintiffs' claims are facially plausible."[16]  Indeed, as AstraZeneca correctly suggests, the central purpose of Rule 11(b) would be thwarted were the court to grant plaintiffs "license to join parties, make claims, or present defenses without any factual basis or justification."[17]  The court therefore elects to dismiss all of plaintiffs' claims against the moving defendants because they fail to allege the factual content necessary for legal plausibility.[18]

**B. Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"[19]  "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic."[20]  The court may also consider whether an amendment would be futile, and "[f]utility of amendment can,

---

[16]*Gilmore v. DJO, Inc.*, 663 F. Supp. 2d 856, 861 (D. Ariz. 2009).  For example, plaintiff's negligence claim states that the defendants were negligent in designing, manufacturing, and distributing pain pumps and anesthetics to the general public, and provide dozens of ways such negligence might have occurred, but have nevertheless failed to point to any specific actions of any of the defendants that would plausibly suggest actionable negligence.  *See* Docket 1 ¶¶ 49-65.

[17]Fed. R. Civ. P. 11, 1993 advisory committee note to subdivisions (b) and (c).

[18]Because the court grants all of the pending motions to dismiss based on the moving defendants' arguments that the complaint lacks the factual content necessary to state a claim, the other arguments raised by the various defendants are thereby rendered moot.

[19]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

[20]*Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

by itself, justify the denial of a motion for leave to amend."[21]  Here, although plaintiffs concede that they "do not know the manufacturer of all the pain pumps at issue in this case," they suggest that they may be able to discover that information with additional time.  Plaintiffs fail to suggest what steps, if any, they would take to identify the appropriate defendants that they have not taken since the complaint was filed, and the court is not persuaded that additional time would assist plaintiffs in identifying the appropriate defendants.  Nevertheless, because leave to amend should be granted freely,[22] the court will provide plaintiffs with 30 additional days[23] to narrow the field of defendants and amend their complaint to comply with the requirements of Rule 8.

## V.  CONCLUSION

For the reasons set forth above, the court rules as follows:

(1) Breg's motions at docket 34 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

(2) AstraZeneca's motion at docket 37 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply

---

[21] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

[22] Fed. R. Civ. P. 15(a).

[23] Because plaintiffs have failed to turn up facts supporting their claims during the six months since they filed their complaint, the court feels that an additional 60 days would be too generous, and would frustrate the mandate to "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

(3) Sorenson's motion at docket 43 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

(4) APP's motion at docket 45 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

(5) Stryker's motion at docket 50 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

(6) Abbott's motion at docket 51 is **GRANTED** in part and **DENIED** in part as follows: the motion is **GRANTED** to the extent it seeks dismissal for failure to comply with Rule 8, **DENIED** to the extent it seeks a denial of plaintiffs' request for leave to amend, and **DENIED** in all other respects as moot.

All claims against Breg, Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca Holdings, Inc.; DJO, Inc.; DJO, LLC; Sorenson Medical Products, Inc.; APP Pharmaceuticals, Inc.; APP Pharmaceuticals, LLC; Abraxis Bioscience, Inc.; Abraxis Bioscience, LLC; Stryker Corporation; Stryker Sales Corporation; Abbott Laboratories;

and Hospira, Inc. are **DISMISSED** without prejudice to an amended complaint. Any such amendment must be filed within **30 days** of this order.

The court will not entertain a request for reconsideration of this order.

DATED this 28th day of April 2010.


        /s/   JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE